UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KENNETH J. WARD, JR.,

                  Plaintiff,

  -against-

CITY OF NEW YORK, *et al.*,

                  Defendants.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

15-CV-4175 (CBA) (ST)

**TISCIONE, United States Magistrate Judge:**

On July 15, 2015, Plaintiff Kenneth Ward filed this action *pro se* seeking injunctive and declaratory relief and monetary damages under 42 U.S.C. § 1983 for alleged false arrest and malicious prosecution stemming from his arrest on April 16, 2014. Compl., ECF No. 1. Presently before this Court is Defendants' Third Motion to Dismiss for Lack of Prosecution. Mot., ECF No. 117. This Court respectfully recommends that the motion be GRANTED.

    A.  **Factual Background**

The factual basis of the defendants' motion arises from the plaintiff's failure to adequately respond to discovery requests for over a year-and-a-half. On September 7, 2018, the defendants served the First Set of Interrogatories and Request for Production of Documents on the plaintiff by hand-delivery. *See* Mot. Compel, ECF No. 98. The plaintiff's responses were due by October 9, 2018. *Id.* On November 30, 2018, this Court granted the defendants' motion to compel the plaintiff's discovery responses by December 31, 2018. Min. Order, ECF No. 99. The plaintiff did not transmit the discovery responses by the court-ordered deadline, see Letter, ECF No. 101, and, during the month of January, the plaintiff made a variety of representations regarding the discovery, including claiming that he had already e-mailed the requested discovery to the defendants, and, when the defendants stated that they had not received the e-mailed materials, the plaintiff claimed that he was having "difficulty with his computer and stated that he would try to complete his responses [shortly thereafter]." *Id.* As before, these promises went unfulfilled, and

1

the delays continued. On March 26, 2019, the defendant filed a letter motion to dismiss plaintiff's amended complaint for his failure to prosecute this action and failure to comply with a Court Order. First Mot. Dismiss Lack Prosecution, ECF No. 102.

After the motion was referred to the undersigned, this Court held a status conference on April 17, 2019. *See* Min. Order, ECF No. 105. The plaintiff failed to appear at that conference despite prior notice. *Id.* Despite the plaintiff's absence, this Court provided the plaintiff "with one last opportunity by extending the deadline for his response to Defendants' Motion to Dismiss for Lack of Prosecution by May 1, 2019." *Id.* In the event that the plaintiff failed to respond to the motion, this Court stated that it would deem the motion unopposed. *Id.* The plaintiff filed a response on May 13, 2019, in a letter that was dated May 3, 2019.

In that May 3 letter, the plaintiff stated that he was a "single individual, pursuing a number of different lawsuits simultaneously, representing myself pro se, and opposed by a virtual army of attorneys on the other side who have repeatedly attempted to overwhelm me with voluminous document requests that I am physically and mentally unable to respond to on a timely basis." Letter, ECF No. 106. Further, the plaintiff stated that it was his understanding that "pro se plaintiffs are generally granted considerable leeway in the Courts to prosecute their claims . . . [and] [i]t seems unfair to penalize the pro se plaintiff because he simply does not have sufficient available hours to comply with all demands by opposing counsel on a timely basis." *Id.*

In a Report and Recommendation dated May 15, 2019, this Court recommended that the case be dismissed with prejudice for failure to prosecute and failure to comply with a Court Order. R. & R., ECF No. 107. This Court considered the plaintiff's *pro se* status in finding that dismissal was warranted. *Id.* at 6. This Court found that it had "exercised considerable lenience with Plaintiff regarding his failure to meet his discovery obligations, extending the time to respond on several occasions." *Id.* Due to the plaintiff's failure to comply with discovery demands for a period of seven months (at that point), this Court found that it had "no choice but to recommend dismissal." *Id.* at 7. On August 9, 2019, the Honorable Carol B. Amon declined to adopt the Report and Recommendation, but warned the plaintiff that "further unexcused delays will not be

2

tolerated." Order, ECF No. 108, at 4. Judge Amon also ordered the plaintiff to respond to the defendants' discovery requests by September 6, 2019 and warned him that if he failed to comply with the deadline, his case would be dismissed. *Id.*

Following the District Court's ruling, on September 30, 2019, the plaintiff e-mailed the defendants his responses to the defendant's interrogatories. Second Mot. Dismiss Lack Prosecution, ECF No. 111, at 3. The defendants described the plaintiff's e-mail as containing an "incomplete, unsigned and undated Word document." *Id.* Defendants claimed that the plaintiff did not provide any responses to their document requests. *Id.* Nor did plaintiff provide any of the requested releases. *Id.* This Court held a telephone conference on October 7, 2019, during which the plaintiff made assurances that he would resolve the outstanding deficiencies. As a result of the plaintiff's continued non-compliance, however, on December 5, 2019, the defendants filed a second motion to dismiss for failure to prosecute. Second Mot. Dismiss Lack Prosecution.

In a telephone conference that was held before this Court on January 7, 2020, the defendants represented that they had not received any signed interrogatory or document responses from the plaintiff. The defendants also stated that the plaintiff has not signed any releases for medical records, employment records, or criminal court records. As such, this Court once *again* ordered the plaintiff to provide the signed releases and remedy the outstanding deficiencies no later than January 15, 2020. Min. Entry, ECF No. 114.

On January 24, 2020, the plaintiff provided more documents to the defendants that purported to be responsive to the defendants' discovery requests. Third Mot. Dismiss Lack Prosecution, ECF 117, at 3. Once again, however, the defendants claimed that the plaintiff provided "three incomplete and unusable releases." *Id.* On February 10, 2020, the defendants informed the plaintiff by telephone that his responses were *still* deficient in that he had still not responded to any document requests, had still not provided any responsive documents, and only provided three of the releases that he was ordered to provide; and moreover, that they were not filled out properly and were unusable. *Id.* Defendant followed up on this conversation with a February 28, 2020 letter outlining the ongoing deficiencies. *Id.* On March 5, 2020, the plaintiff

3

requested, by telephone, that the defendant e-mail the releases so that he may fill them out. *Id.* The defendant complied with this request. *Id.* On the following day, however, the defendants claim that the plaintiff stated by e-mail that he would *not* be providing defendant with the requested releases after all.

This Court held a conference on March 9, 2020. Min. Order, ECF No. 116. This Court denied the second motion to dismiss for lack of prosecution without prejudice to renew. *Id.* This Court ordered the plaintiff to produce the corrected releases and all outstanding discovery responses no later than April 30, 2020. *Id.* This Court warned that "[t]his will be Plaintiff's last chance, as any further delays on Plaintiff's part in complying with his discovery obligations will result in the Court reopening Defendants' [Second] Motion to Dismiss and recommending dismissal for failure to prosecute." *Id.*

On May 15, 2020, the defendants filed a third motion to dismiss for lack of prosecution. Third Mot. Dismiss Lack Prosecution, ECF No. 117. In that motion, the defendants claim that the plaintiff still has not produced the requested discovery responses or usable releases. The defendants, instead, claim that "on April 18, 2020, the undersigned received an email from an individual who identified himself as Michael Schorr, who stated he was providing materials on behalf of plaintiff. Attached to the e-mail were several documents and releases, *none* of which are responsive to defendant's document requests. In the first instance, the five releases attached to this email do not release information to the Corporation Counsel, but instead release the requested information to other entities that are not associated with this matter . . . ." Third Mot. at 3. In opposition to the motion, Plaintiff claims that he had provided the requested discovery responses and releases but that it is the defendants who are denying the receipt of said responses. ECF No. 118. In reply, the defendants attached the release documents, none of which effectively release information to the Corporation Counsel. ECF No. 119-1.

On August 6, 2020, Plaintiff submitted a letter to this Court writing that he had responded to the defendants' discovery request and "requesting a date to conduct an oral deposition of defendant Diaquoi." ECF No. 120. Defendants filed a letter in opposition, claiming again that none

4

of the materials provided by Plaintiff were related to the instant litigation and that the release documents were deficient. ECF No. 121. Upon review, I note that Plaintiff has not offered any explanation to this Court regarding his repeated delays and failure to comply with multiple court orders. Nor has Plaintiff submitted any proof that he has responded to Defendant's discovery requests.

### B. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ." Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating district courts can dismiss cases pursuant to their inherent authority to control their docket). "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)). Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations." *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews

all of the factors to provide a sufficient basis for the Court's disposition. *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute). The Second Circuit has instructed that "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

    1.  *Delay of Significant Duration*

The plaintiff has failed to prosecute this case since at least October 2018, which was the initial due date for the plaintiff's response to the First Set of Interrogatories and Request for Production of Documents. In addition, during this period of time, the plaintiff has repeatedly failed to comply with court orders. *See* Min. Order, ECF No. 99 (granting motion to compel and ordering plaintiff to provide discovery responses by December 31, 2018); Min. Order, ECF No. 105 (recognizing that plaintiff had failed to meet court-ordered deadlines and extending deadline to respond to motion to dismiss to May 1, 2019); Min. Order, ECF No. 108 (extended deadline to respond to defendants' discovery requests to September 6, 2019); Min. Entry, ECF No. 110 (ordering plaintiff to comply with defendants' outstanding discovery requests); Min. Entry, ECF No. 114 (ordering plaintiff to provide signed releases and other discovery responses no later than January 15, 2020); Min. Order, ECF No. 116 (ordering plaintiff to provide outstanding releases by April 30, 2020). In addition, the plaintiff has failed to appear at court-ordered conferences. *See* Min. Order, ECF No. 52; Min. Order, ECF No. 105.

When assessing the duration of the delay, courts consider (1) whether the delays were attributable to the plaintiff and (2) the duration of the delay. *See Drake*, 375 F.3d at 255 (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)). In this case, the length of the delay that is attributable to the plaintiff's failure to comply with discovery obligations is in excess of one-and-a-half years. A delay of this length is sufficient to favor dismissal, as courts have found

delays of only a few months to be sufficient. *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months); *see also Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months").

Additionally, courts find that a delay is "significant" if the delays "are entirely attributable to plaintiff." *Caussade*, 293 F.R.D. at 629. In this case, the plaintiff has failed to respond to the defendants' requests and repeatedly neglected court orders. The plaintiff's behavior is particularly egregious in light of the defendants' ongoing efforts to assist the plaintiff in completing the requested releases, including repeated efforts at sending the documents via e-mail and postal mail and sending deficiency letters notifying the plaintiff of his obligation to comply with outstanding discovery demands. This factor favors dismissal because the delay was "significant," as it was approximately one-and-a-half years, and entirely attributable to the conduct of the plaintiff.

### 2. *Notice that Further Delays Would Result in Dismissal*

The second factor asks whether the party was given notice that further delays would result in dismissal. Courts tend to favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). Plaintiff was given explicit notice in this case—as early as January 2017 (over three years ago!), this Court warned that dismissal was a possibility if the plaintiff did not amend his complaint in accordance with this Court's orders. Order, ECF No. 58. In March 2019, the defendants filed their first motion seeking dismissal for failure to prosecute. Mot., ECF No. 102. In May 2019, this Court recommended that the case be dismissed with prejudice for the plaintiff's failure to prosecute. R. & R., ECF No. 107. The District Court declined to adopt this Court R. & R., but instead, on August 9, 2019, warned the plaintiff that "the Court will dismiss his case" if he fails to comply with the discovery deadlines.

7

Order, ECF No. 108.  Finally, in March 2020, this Court imposed a new discovery deadline and warned that "[t]his will be Plaintiff's last chance, as any further delays on Plaintiff's part in complying with his discovery obligations will result in the Court reopening Defendants' Motion to Dismiss and recommending dismissal for failure to prosecute."  Min. Order, ECF No. 116.  Accordingly, the plaintiff has received repeated and explicit warnings that his failure to comply with discovery obligations would result in dismissal, so this factor also favors dismissal.

   3. *Prejudice to Defendant Resulting from Further Delays*

The third factor asks whether the Defendant would be prejudiced by further delays.  Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice.  *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . .  However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)).  "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable."  *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).  This Court presumes that the Defendant would be prejudiced based on the lengthy delay in excess of one-and-a-half years and the repeated opportunities that the plaintiff has had to cure the defects in his discovery responses.  Beyond the presumption, the defendants also claim that they would be severely prejudiced because the underlying allegations in the case occurred over five years ago, and the delay in litigation "has undoubtedly caused 'memories to fade, [and] evidence to become stale or lost.'"  Third Mot. Dismiss, ECF No. 117, at 4 – 5 (quoting *English v. Azcazubi*, 13-CV-5074 (RMM) (LB), 2015 U.S. Dist. LEXIS 35411, at *6 (E.D.N.Y. March 20, 2015)).  This factor, too, favors dismissal.

   4. *Balance Between Calendar Congestion and the Opportunity to be Heard*

In the fourth *Drake* factor, this Court is charged with balancing the goal of reducing its calendar congestion with a litigant's right to be heard.  In evaluating whether the proper balance

is found in a given case, courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [her] case." *Caussade*, 293 F.R.D. at 631. Despite ample opportunities, Reid has shown no interest in litigating this case by refusing to provide opposing counsel with releases so that opposing counsel can conduct a factual investigation of its case. In addition, the plaintiff has failed to appear at court-ordered conferences, and repeatedly blown past court-ordered deadlines. As such, this Court finds that it has struck the proper balance between its competing obligations and thus this factor also favors dismissal.

    5. *Consideration of Lesser Sanctions*

Lastly, this Court should consider whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). As there is no indication that the plaintiff will *ever* respond to the defendants' requests in a satisfactory fashion, a lesser sanction would likely have *zero* effect and would unnecessarily prolong this litigation. In these circumstances, this Court finds that the only remedy that would have any efficacy in the context of this litigation is the sanction of dismissal.

### C. Conclusion

This Court finds that all five of the *Drake* factors favor dismissal and respectfully recommends that the District Court DISMISS the instant action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] Counsel for the defendants is directed to forward a copy of this R&R to the plaintiff and file proof of service with this Court within ten (10) business days.

---

[1] *See Garcia v. City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *4 (E.D.N.Y. Mar. 31, 2016) (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).

9

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                                      /s/
                                                  Steven L. Tiscione
                                                  United States Magistrate Judge
                                                  Eastern District of New York

Dated: Brooklyn, New York
         September 18, 2020